```
                    UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

JOYCE L. SYLVA                                          CIVIL ACTION

versus                                                  NO. 06-11355

STATE FARM INSURANCE COMPANY                            SECTION: E/3
et al

**ORDER AND REASONS**

Plaintiff Joyce L. Sylva's ("Sylva") motion to remand to the Civil District Court for the Parish of Orleans is before the Court. Record document #4. Defendant State Farm Insurance Company ("State Farm") opposes the motion. After considering the motion, memoranda, the record and the law, the motion to remand is GRANTED.

**FACTS AND PROCEDURAL BACKGROUND**

Sylva owns a home in New Orleans, Louisiana.[1] During 2005, the home was insured by a homeowner's insurance policy issued by State Farm, a foreign insurer doing business in Louisiana. Defendant Nancy Miller ("Miller"), the State Farm agent who sold Sylva her homeowner's and flood insurance policies, is a Louisiana domiciliary. Sylva's home was heavily damaged as a result of Hurricane Katrina. During the claims process, she discovered that she was underinsured under both policies, and that State Farm denied many claims under her homeowner's policy based on its determination that the property was damaged by flood

---

[1] See, generally, Petition for Damages and Declaratory Judgment.

waters and not by a covered peril such as hurricane winds and tornadoes. Sylva filed suit in state court against defendants; State Farm removed the suit to federal court alleging diversity jurisdiction. State Farm argues that Miller is improperly joined in an attempt to defeat diversity jurisdiction[2] because the Petition fails to state a claim against Miller under Louisiana law, and that any claim against Williams is prescribed or perempted.

## ANALYSIS

A civil action filed in a state court may generally be removed if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Statutes conferring removal jurisdiction are strictly construed in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Jurisdiction is fixed at the time of removal, and the jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 223 F.3d 880, 883 (5th Cir. 2000). The burden is on the removing party to show that federal jurisdiction exists and that removal was proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Doubts or ambiguities regarding removal are to be construed

---

[2] Sylva does not dispute that the $75,000.00 jurisdictional amount is met.

against removal and in favor of remand.  Manguno, 276 F.3d at 723.

Improper joinder must be proved by the removing party "with particularity and supported by clear and convincing evidence." Doe v. Cutter Biological, 774 F.supp. 1001, 1003 (E.D.La. 1991)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3723, at 343 (2 ed. 1985)).  To determine whether there is improper joinder, the court may "pierce the pleadings" and consider summary judgment type evidence.  Parker v. Lexington Ins. Co., 2006 WL 3328040, *1 (E.D.La 11/15/2006) *citing* Travis v. Irby, 326 F.3d 644, 648049 (5th Cir. 2003).  The purpose of the inquiry is "only to identify the presence of discrete and undisputed facts that would preclude [plaintiffs'] recovery against the in-state defendant."  Botnick v. Vigilant Insurance Co., 2006 WL 2947912, *7 (E.D.La), *citing* Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573-74 (5th Cir. 2004).  When removal is based on diversity jurisdiction, as here, Louisiana law applies to the substantive issues.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

This Court has numerous motions to remand pending in cases similar to this one, most of which present substantially the same legal issues.  The legal standards for improper joinder, and for Louisiana law regarding the duties of an insurance agent to the insured, and peremption, have repeatedly been set forth in

similar cases pending in the Eastern District in recent months. *See, e.g.,* Dobson v. Allstate Insurance Co., 2006 WL 2078423, *4 (E.D.La.); Fidelity Homestead Association v. Hanover Insurance Co., – F.Supp.2d –, 2006 WL 2873562 (E.D.La.); Southern Athletic Club, LLC v. Hanover Insurance Company, 2006 WL 2583406 *3 (E.D.La.); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D.La.); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D.La.); Bohannan v. Allstate Insurance Company, 06-7550 (E.D.La. December 2006).

Sylva's Petition alleges[3] that she sought and relied on Miller's expert advise "to obtain full and complete flood and homeowner's coverage" for her residence, that Miller advised her that the flood insurance policy would provide full coverage, but that it did not, and that Miller assured her that the loss of use/ALE insurance under the homeowner's policy would cover her even if the loss incurred was the result of flooding, but it did not.

State Farm argues that Sylva's allegations do not state a cause of action against Miller, but even if they did, that the claims are perempted. At Exhibits "A" and "B", State Farm offers the affidavits of Miller and Miller's employee, Barabara B. Peters, respectively. Miller attested that she began servicing

---

[3]Petition, ¶¶42-49.

Sylva's flood policy in January, 2000, and her homeowner's policy in December, 1998, and that from those times up to August 29, 2005, Sylva never requested an increase in either coverages. Peters' affidavit stated that she is Miller's employee and assisted in the servicing of both of Sylva's policies, and that to her personal knowledge, Sylva never requested increases in either policy coverage from 1998 and 2000 until August 29, 2005. State Farm Exhibit "C" is an affidavit by Theron H. Bryan, Jr., Underwriting Section Manager at State Farm.  Mr. Bryan states that based on his review of the records of State Farm, Sylva purchased her SFIP (flood policy) on January 24, 2000, and renewed it annually with increases through 2005, and that "[i]t is within State Farm's regular course of business" that her declarations page would have been mailed to her upon purchase of the policy, and that renewals would be mailed to her annually. State Farm Exhibit "D" is an affidavit by Tonya Thiel, the State Farm Claim Representative for Sylva's claim pursuant to her homeowner's policy, and that $233,667.24 in coverage remains for the August 29, 2005 date of loss.

Addressing the timing of Miller's alleged negligent acts giving rise to Sylva's claims against Miller, Sylva's Petition, at ¶ 44, uses the general terminology "[a]t all times relevant herein" regarding Miller's advice to her that her "flood insurance policy would provide full coverage for all damage that

might be incurred to the dwelling and its contents...." None of the affiants have stated from personal knowledge that Sylva did actually receive a copy of her policies, or the Declarations Pages of her policies, upon their purchase or at each renewal period. Neither has State Farm produced a copy of a letter of transmittal of copies of the policies. Without evidence that Sylva actually received a copy of her policy, she cannot be held to have known the terms and limits of coverage sufficient to start the peremptive period for the claims against Miller. Even assuming that Sylva did not ask for increases in coverage during the renewal periods, she alleges that she sought full coverage for her property, and relied on Miller's advice and assurances that the policies sold to her by Miller provided the full coverage she sought.

There is a reasonable basis to predict that the Petition does state a claim against Miller within the parameters of Louisiana law, and, resolving any doubts and ambiguities in favor of the nonremoving party, that Sylva may produce sufficient evidence to recover against Miller. State Farm has not met its burden of proving by clear and convincing evidence that removal was proper.

Accordingly,

**IT IS ORDERED** that Sylva's motion to remand is **GRANTED,** and

the captioned matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

    New Orleans, Louisiana, March 8, 2007.

                                              **MARCEL LIVAUDAIS, JR.**
                                   Senior United States District Judge